UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CORPS, as Personal
Representative of the Estate of Blake
Koye Campbell,

        Plaintiff,

v.

COUNTY OF OGEMAW et al.,

        Defendants.
_____/

Case No. 1:23-cv-12724

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART TMD DEFENDANTS' MOTION TO DISMISS (ECF No. 27); DISMISSING COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT (ECF No. 12); AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE TMD DEFENDANTS' NOTICE OF NONPARTY FAULT (ECF No. 43)**

On January 15, 2022, Michigan State Police officers arrested Blake Koye Campbell, a healthy 20-year-old, on an outstanding warrant and took him to Ogemaw County Jail (OCJ) to be detained. ECF No. 12 at PageID.341. Two weeks into his detention at OCJ, he was admitted to the intensive care unit and placed on a mechanical ventilator. By February 10, 2022, Campbell was dead.

Plaintiff Michael Corps, the Personal Representative of Campbell's Estate, brings this § 1983 suit, alleging OCJ staff and OCJ's contracted jail nurses—Vicki Barnes and Laurie Phinney—were deliberately indifferent to Campbell's serious

medical needs in violation of his Fourteenth Amendment rights (Count I). ECF No. 12 at PageID.362–65. He also seeks to hold Ogemaw County and the jail nurses' employer, TMD Correctional Services ("TMD"),[1] liable under *Monell v. Dep't of Soc. Servs. of City of New York* (Count II). *Id.* at PageID.365–70; *see also* 436 U.S. 658, 690–92 (1978) (announcing that municipalities may be treated as "persons" under § 1983 and subject to liability for their "official policies" that cause an employee to violate someone's constitutional rights). Additionally, Corps alleges that Ogemaw County and TMD violated the Americans with Disabilities Act under a failure-to-accommodate theory (Count III), ECF No. 12 at PageID.370–71, and that TMD, Barnes, and Phinney (collectively the "TMD Defendants") were negligent and grossly negligent in violation of Michigan law (Count IV), *id.* at PageID.371–75.

On June 3, 2024, the TMD Defendants filed a motion to dismiss Counts I, II, and IV. ECF No. 27. Plaintiff responded that Count IV should be dismissed as it

---

[1] Importantly, since *Monell*, the Sixth Circuit has held that contracted private entities like TMD may also be treated as "persons" and subject to § 1983 liability when the entity performs traditional state functions like providing medical care to inmates or arrestees. *Winkler v. Madison Cnty.*, 893 F.3d 877, 904 (6th Cir. 2018) ("A private entity . . . that contracts to provide medical services at a jail can be held liable under § 1983 because it is carrying out a traditional state function"); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir. 1996) (treating a private prison corporation as a "person" for the purpose of § 1983).

related to the TMD Defendants,[2] but that Counts I and II should survive a motion to dismiss. ECF No. 35. Then, the TMD Defendants replied and conceded that the issue raised in their motion to dismiss was better presented at summary judgment, after fact discovery closes. ECF No. 40 at PageID.706. Thus, the TMD Defendants' Motion to Dismiss, ECF No. 27, will be granted in part, to the extent that Count IV will be dismissed. It will be denied without prejudice in part to the extent it makes arguments to dismiss Counts I and II against the TMD Defendants.

Also requiring attention is Plaintiff's Motion to Strike the TMD Defendants' Notice of Nonparty Fault. ECF No. 43. On September 11, 2024, the TMD Defendants filed a notice of nonparty fault according to Michigan Law. ECF No. 42; *see also* MICH. COMP. LAWS §§ 600.2957; 600.6304. The notice seeks to apportion fault to the nonparty hospital that treated Campbell. *See* ECF No. 42 at PageID.713; *see also McNeal v. Found. Radiology Grp., PC*, No. 1:22-CV-10645, 2023 WL 6192763, at *2 (E.D. Mich. Jan. 27, 2023) (explaining that filing a notice of nonparty fault under Michigan law "permit[s] the trier of fact to apportion percentages of fault among the named defendants and the empty-chair nonparties that the defendant

---

[2] Plaintiff additionally suggested he would like to again amend his complaint to bring a negligence claim against the individual county defendants. *See* ECF No. 35 at PageID.605 ("Instead, Plaintiff respectfully requests this Honorable Court to Amend the Complaint so that the Gross Negligence claim is correctly claimed against the other named Defendants in this case"). If Plaintiff still seeks such relief, he may file a motion seeking leave to file a second amended complaint. *See* FED. R. CIV. P. 15(a)(2).

alleges are at fault." (cleaned up)). Plaintiff sought to strike the TMD Defendants' notice, arguing it was "improper, speculative, and unsupported by law or fact." ECF No. 43 at PageID.731. But the notice of nonparty fault is now irrelevant[3] because there is no longer a state-law negligence claim against the TMD Defendants, which would require a notice of nonparty fault. Indeed, there is no need to apportion fault in deliberate-indifference cases, because "[t]he question of liability under § 1983 is binary: state actors are liable for either all the harm or none of it." *Est. of Sanchez v. City of Saginaw*, 678 F. Supp. 3d 888, 903–04 (E.D. Mich. 2023), appeal dismissed, No. 23-1593 (6th Cir. 2024) (first citing *Blair v. Harris*, 993 F. Supp. 2d 721, 727 (E.D. Mich. 2014); and then citing *McHugh v. Olympia Ent.*, 37 F. App'x 730 (6th Cir. 2002)).

In sum, Count IV of Plaintiff's Amended Complaint will be dismissed, rendering the TMD Defendants' Notice of Nonparty Fault, ECF No. 42, irrelevant and Plaintiff's Motion to Strike the Notice, ECF No. 43, moot.

Accordingly, it is **ORDERED** that:

1. The TMD Defendants' Motion to Dismiss, ECF No. 27, is **GRANTED IN PART** to the extent it seeks dismissal of Count IV;

---

[3] Although the notice itself is irrelevant, this is not to say that the substance of the notice—TMD's arguments about intervening negligence by the hospital—is irrelevant. Indeed, such evidence, if it exists, *could* be relevant in evaluating whether the TMD Defendants' deliberate indifference was *a proximate cause* of Campbell's death such that the TMD Defendants would be liable under § 1983.

2. The TMD Defendants' Motion to Dismiss, ECF No. 27, is **DENIED WITHOUT PREJUDICE IN PART** in all other respects;

3. Count IV of Plaintiff's Amended Complaint, ECF No. 12, is **DISMISSED**; and

4. Plaintiff's Motion to Strike the TMD Defendants' Notice of Nonparty Fault, ECF No. 43, is **DENIED AS MOOT**.

**This is not a final order and does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 12/13/2024