UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CORPS, as Personal
Representative of the Estate of Blake
Koye Campbell,

        Plaintiff,

v.

COUNTY OF OGEMAW et al.,

        Defendants.
_____/

Case No. 1:23-cv-12724

Honorable Susan K. DeClercq
United States District Judge

# ORDER GRANTING PLAINTIFF'S MOTION TO SHOW CAUSE AGAINST MIDLAND COUNTY MEDICAL EXAMINER'S OFFICE (ECF No. 55), SCHEDULING SHOW-CAUSE HEARING, AND ORDERING REPRESENTATIVE FROM THE MIDLAND COUNTY MEDICAL EXAMINER TO APPEAR

This § 1983 case concerns the death of 20-year-old Blake Koye Campbell after he became seriously ill during the two weeks he was detained at Ogemaw County Jail (OCJ). *See* ECF No. 12. Plaintiff Michael Corps, as the personal representative of Campbell's estate, alleges that OCJ staff and OCJ's contracted jail nurses were deliberately indifferent to Campbell's serious medical needs in violation of his Fourteenth Amendment Rights. *Id.* at PageID.362–65.

On January 31, 2025, Plaintiff sent a subpoena to the Midland County Medical Examiner's Office, requesting it to produce Campbell's "full and complete [autopsy]

file." ECF No. 55-2 at PageID.885; *see also* ECF No. 55 at PageID.875. Plaintiff alleges that the Midland County Medical Examiner's Office "refused" to accept service of the subpoena. ECF No. 55 at PageID.875. So, on February 26, 2025, Plaintiff served the subpoena upon Dr. William Morrone, the Midland County Medical Examiner directly. *See id.* at PageID.875–76; ECF No. 55-2. But the Midland County Medical Examiner has not produced the requested documents to Plaintiff.

Accordingly, Plaintiff has filed this motion seeking an order requiring a representative of the Midland County Medical Examiner's Office to appear and show cause why the entity should not be held in contempt for failing to respond to Plaintiff's subpoena. ECF No. 55 at PageID.876. During a March 20, 2025 status conference, counsel for Defendants represented they had no objection to Plaintiff's request.

Under Civil Rule 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." While the power to hold an individual in contempt "should not be used lightly," "the Supreme Court has stated that this power 'is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law.'" *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v.*

*Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (*quoting Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911)). This Court agrees that the autopsy records Plaintiff seeks from the Midland Count Medical Examiner's Office are relevant to the proximate-cause inquiry in this case, so Plaintiff's motion will be granted, and this Court will issue a show-cause order directing a representative for the Midland County Medical Examiner's Office to appear and explain their failure to comply with Plaintiff's subpoena.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Show Cause Against Midland County Medical Examiner's Office, ECF No. 55, is **GRANTED** as follows:

1. At least one representative for the Midland County Medical Examiner's Office is **ORDERED** to appear at a show-cause hearing before United States District Court Judge Susan K. DeClercq, Theodore Levin United States Courthouse, 231 West Lafayette Blvd., Courtroom 219, Detroit, Michigan 48226 on **April 14, 2025 at 11:00 A.M.** to show cause why it should not be held in civil contempt for failing to comply with Plaintiff's subpoena;

2. Subpoenaed Nonparty Midland County Medical Examiner's Office is **NOTICED** that failure to appear and show cause as directed by this Order may result in a finding of civil contempt;

3. Plaintiff, as the moving party, is **ORDERED** to serve the Midland County Medical Examiner's Office with a copy of this Order by (1) first-class mail return receipt requested; (2) any known email addresses of the Midland County Medical Examiner's Office or Midland County Medical Examiner Dr. William Morrone; and (3) personal service upon Midland County Medical Examiner Dr. William Morrone. Plaintiff must file a proof of such service with this Court **on or before March 31, 2025.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ

- 4 -

Dated: March 21, 2025                                              United States District Judge

- 4 -